ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 8, 2003

Ms. Kristen Klein                               Opinion No. GA-0114
Guadalupe County Auditor
307 West Court, Suite 205                       Re: Whether a community supervision and corrections
Seguin, Texas 78155                             department may assess a participant in a pretrial
                                                intervention program fees under both article 102.012 of
                                                the Code of Criminal Procedure and section 76.015(c)
                                                of the Government Code   (RQ-0058-GA)

Dear Ms. Klein:

You ask whether the Guadalupe County Community Supervision and Corrections Department may assess a participant in a pretrial intervention program fees under both article 102.012 of the Code of Criminal Procedure and section 76.015(c) of the Government Code.[1]

Chapter 76 of the Government Code requires the district judges trying criminal cases in each judicial district to establish a community supervision and corrections department, *see* TEX. GOV'T CODE ANN. § 76.002(a)(1) (Vernon 1998), which must employ personnel "as necessary to conduct presentence investigations, supervise and rehabilitate defendants placed on community supervision, enforce the conditions of community supervision, and staff community corrections facilities," *id.* § 76.002(a)(2). For purposes of chapter 76, community supervision is

> *the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court* for a specified period during which:
>
> (A) criminal proceedings are deferred without an adjudication of guilt; or
>
> (B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2 (Vernon Supp. 2003) (emphasis added); TEX. GOV'T CODE ANN. § 76.001(2) (Vernon 1998) ("In this chapter . . . '[c]ommunity supervision' has the

---

[1]Letter from Kristen Klein, CPA, Guadalupe County Auditor, to Opinion Committee, Office of the Attorney General, at 2 (May 11, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

meaning assigned by Section 2, Article 42.12, Code of Criminal Procedure."); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (Vernon Supp. 2003) (authorizing court to determine community supervision conditions and outlining basic conditions).

Section 76.011 of the Government Code also permits a department to "operate programs for the supervision and rehabilitation of persons in pretrial intervention programs. . . . A person in a pretrial intervention program may be supervised for a period not to exceed one year." TEX. GOV'T CODE ANN. § 76.011(a) (Vernon 1998). Chapter 76 does not define the term "pretrial intervention program." Although several other Texas statutes refer to pretrial intervention or pretrial diversion,[2] none defines the concept. However, pretrial intervention does not involve "the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court," as community supervision is defined. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2 (Vernon Supp. 2003) (defining "community supervision"). Rather, pretrial intervention involves a written agreement entered before trial between the defendant and the prosecutor, pursuant to which the defendant agrees to perform conditions imposed by the prosecutor:

> The State agrees to dismiss the case if the defendant performs certain conditions within a specified period of time. Both the State and the defendant request that the trial court continue the present trial setting to a certain date in the future to give the defendant time to comply with the agreed conditions. The agreement is then presented to the trial court for its approval. If the trial court does not approve the agreement, the case proceeds to trial as scheduled on the docket. If the trial court approves the agreement, it grants the joint request for continuance and resets the trial to a certain date in the future. On that date, the defendant must appear before the trial court. If the defendant has complied with the conditions of the agreement, the trial court grants the State's motion to dismiss the pending criminal charges. If the defendant has not complied with the conditions of the agreement, the case proceeds to trial as scheduled.

*Fisher v. State,* 832 S.W.2d 641, 643-44 (Tex. App.–Corpus Christi 1992, no pet.). Thus, although a department is authorized to provide both community supervision and pretrial intervention services, community supervision and pretrial intervention involve different classes of people.

---

[2]*See, e.g.,* TEX. GOV'T CODE ANN. §§ 54.745 (Vernon 1998) (establishing a court filing fee for motion required to participate in a *pretrial diversion program* or the functional equivalent that may be operated in El Paso County by the West Texas Regional Adult Probation Department or a county or district attorney of El Paso County), 76.011(a) (community supervision and corrections "department may operate programs for the supervision and rehabilitation of persons in *pretrial intervention programs*") (emphasis added); TEX. CODE CRIM. PROC. ANN. arts. 60.051(c)(3) (Vernon 2003) ("Information in the computerized criminal history system relating to a prosecution must include . . . for a rejected case, the date of rejection, offense code, and incident number, and whether the rejection is a result of a successful *pretrial diversion program*.") (emphasis added), 102.012 (pretrial intervention program fee).

Article 102.012 of the Code of Criminal Procedure provides that "[a] person in a pretrial intervention program established under Section 76.011, Government Code, may be assessed a fee that equals the actual cost to a community supervision and corrections department, not to exceed $500, for supervision of the defendant by the department or programs provided to the defendant by the department as part of the pretrial intervention program." TEX. CODE CRIM. PROC. ANN. art. 102.012 (Vernon 2003). Article 103.004(d) of the Code of Criminal Procedure provides that "[t]he custodian of the county treasury shall deposit money received from fees imposed under Article 102.012 in the special fund of the county treasury for the community supervision and corrections department serving the county." *Id.* art. 103.004(d).[3]

In addition, chapter 76 generally authorizes a department to collect money and fees. Section 76.015 provides that

> (a) A department may collect money from an individual as ordered by a court served by the department regardless of whether the individual is under the department's supervision.

> (b) A department that collects money under this section shall promptly transfer the money collected to the appropriate county or state officer.

> (c) A department may assess a reasonable administrative fee of not less than $25 and not more than $40 per month on an individual who participates in a department program or receives department services and who is not paying a monthly fee under Section 19, Article 42.12, Code of Criminal Procedure.

TEX. GOV'T CODE ANN. § 76.015 (Vernon 1998).

You ask whether the Guadalupe County Community Supervision and Corrections Department may assess a pretrial intervention program participant both a fee for "the actual cost [of providing services] not to exceed $500" under article 102.012 of the Code of Criminal Procedure and "a reasonable administrative fee of not less than $25 and not more than $40 per month" under section 76.015(c) of the Government Code. *See* Request Letter, *supra* note 1, at 2. The Guadalupe

---

[3]The department may use the money in the fund "only for the same purposes for which state aid may be used under" chapter 76. *See* TEX. GOV'T CODE ANN. § 76.011(b) (Vernon 1998) ("The department may use money deposited in the special fund of the county treasury for the department under Article 103.004(b), Code of Criminal Procedure.").

County Attorney has advised you that the Department may not charge the latter fee,[4] but you disagree with this advice.[5]

We conclude that a department may assess a participant in a pretrial intervention program only the article 102.012 fee. No statute authorizes a court to impose a fee on a pretrial intervention program participant. Instead, article 102.012 permits a department to charge such a fee. *See* TEX. CODE CRIM. PROC. ANN. art. 102.012 (Vernon 2003) (department may assess a fee "that equals the actual cost to a community supervision and corrections department, not to exceed $500, for supervision of the defendant by the department or programs provided to the defendant by the department as part of the pretrial intervention program"). Given that the fee must be based on the actual cost to a department "for supervision of the defendant . . . or programs provided to the defendant," *id.*, the legislature clearly designed the fee to allow a department to recoup the cost of providing pretrial intervention services, not to generate revenue. Moreover, in limiting the fee to $500, the legislature has clearly provided that a person who participates in a pretrial intervention program may not be assessed more than $500. *See id.*

Section 76.015(c) of the Government Code authorizes a department to assess a reasonable monthly administrative fee on an individual "who participates in a department program or receives department services and who is not paying a monthly fee" under section 19 of article 42.12 of the Code of Criminal Procedure. *See* TEX. GOV'T CODE ANN. § 76.015(c) (Vernon 1998). Although a participant in a pretrial intervention program may receive "department services," we conclude that section 76.015(c) does not apply to such a person.

First, section 76.015(c) refers to section 19 of article 42.12, which authorizes a judge granting community supervision to fix a monthly fee from $25 to $60 to be paid to the court by the defendant during the community supervision period, deposited in the county treasury, and used under chapter 76. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 19(a)-(b) (Vernon Supp. 2003). This reference indicates that the legislature intended section 76.015(c) to apply to defendants who have been ordered to receive department services by a court. A participant in a pretrial intervention program has not been ordered to receive services by a court but rather receives services under an agreement with a prosecutor.

Moreover, article 102.012 of the Code of Criminal Procedure authorizes a department to assess a fee equal to its actual costs for supervising or providing programs to a defendant. *See id.* art. 102.012 (Vernon 2003). Actual costs include the department's administrative costs. Section 76.015(c), in authorizing a "reasonable administrative fee," TEX. GOV'T CODE ANN. § 76.015(c) (Vernon 1998), appears to permit a department to assess a fee for its administrative costs. A participant in a pretrial intervention program is liable for administrative costs under article 102.012, and it is not reasonable to construe section 76.015(c) to require such a person to pay those costs

---

[4]*See* Letter from Robert E. Etlinger, Assistant County Attorney, Guadalupe County, to Kristen Klein, CPA, Guadalupe County Auditor (Feb. 26, 2003) (on file with Opinion Committee).

[5]*See* Letter from Kristen Klein, CPA, Guadalupe County Auditor, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General (May 22, 2003) (on file with Opinion Committee).

twice. *See id.* §§ 311.021(3) ("In enacting a statute, it is presumed that . . . a just and reasonable result is intended."), 311.023(1), (5) (in construing a statute, a court may consider the "object sought to be obtained" and the "consequences of a particular construction").

Finally, to the extent section 76.015(c) is ambiguous with respect to whether it permits a department to assess pretrial intervention program participants, its legislative history also supports the conclusion that it does not. *See id.* § 311.023(2)-(3) (in construing a statute, a court may consider "circumstances under which the statute was enacted" and "legislative history"). The legislature first enacted a capped pretrial intervention program fee in 1983.[6] It did not enact section 76.015(c) of the Government Code until 1997.[7] Prior to section 76.015(c)'s enactment, courts could impose fees for community supervision but departments lacked authority to collect fees from program participants other than those receiving pretrial intervention services. The legislature appears to have intended section 76.015(c) to fill that gap by permitting departments to collect fees from participants receiving other services who have not already been ordered to pay a fee by a court. There is no indication in the legislative history that the legislature intended this new provision to apply to participants in pretrial intervention programs, who were already subject to the special capped fee.[8] Had the legislature intended the new fee to increase the fees paid by pretrial intervention program participants, it would have amended article 102.012 to eliminate the cap.

In sum, section 76.015(c) does not apply to a person who participates in a pretrial intervention program and does not permit a department to assess such a person a monthly fee. A department may assess a person who participates in a pretrial intervention program only the article 102.012 fee.

---

[6]In 1983, the legislature enacted article 42.121, section 10(a) of the Code of Criminal Procedure, which provided that "[t]he district judge or judges may authorize district personnel to operate programs for the supervision and rehabilitation of persons in pretrial diversion programs. Persons in pretrial diversion programs may be supervised for a period not to exceed 12 months and may be assessed a supervisory fee or a program fee, or both, provided the maximum fees do not exceed a total of $200.00." Act of May 26, 1983, 68th Leg., R.S., ch. 762, § 1, 1983 Tex. Gen. Laws 4572, 4572. In 1989, the legislature repealed article 42.121 and enacted article 42.131. *See* Act of May 28, 1989, 71st Leg., R.S., ch. 785, §§ 3.02, 3.10, 1989 Tex. Gen. Laws 3471, 3483-86, 3491. Section 11 of article 42.131 provided that "[p]ersons in pretrial intervention programs . . . may be assessed a supervisory fee, a program fee, or both fees, provided that the total amount of the fees does not exceed $500." *Id.* at 3486. In 1990, the legislature transferred the fee from article 42.131 to article 102.012 and amended the statutory language to authorize "a fee that equals the actual cost to a community supervision and corrections department, not to exceed $500, for supervision of the defendant . . . as part of the pretrial intervention program." Act of June 7, 1990, 71st Leg., 6th C.S., ch. 25, § 20, 1990 Tex. Gen. Laws 108, 126. The legislature transferred the remainder of article 42.131 to chapter 76 of the Government Code in 1995. *See* Act of April 25, 1995, 74th Leg., R.S., ch. 76, §§ 7.11-7.12, 1995 Tex. Gen. Laws 458, 580-584.

[7]In 1995, the legislature added section 15 to article 42.131 of the Code of Criminal Procedure, to authorize a department in a county with a population of 2.8 million or more to "assess a reasonable administrative fee on an individual who participates in a department program or received department services and who is not paying a monthly fee under Section 19, Article 42.12." *See* Act of May 12, 1995, 74th Leg., R.S., ch. 217, § 1, 1995 Tex. Gen. Laws 1959, 1959. In 1997, the legislature repealed that provision and adopted section 76.015 of the Government Code, which limited the fee to an amount between $25 and $40 and authorized all departments to assess the fee. *See* Act of May 26, 1997, 75th Leg., R.S., ch. 983, § 1, 1997 Tex. Gen. Laws 3054, 3054.

[8]*See* HOUSE COMM. ON COUNTY AFFAIRS, BILL ANALYSIS, Tex. H.B. 2265, 74th Leg., R.S. (1995); SENATE COMM. ON CRIMINAL JUSTICE, BILL ANALYSIS, Tex. H.B. 2634, 75th Leg., R.S. (1997).

## S U M M A R Y

A community supervision and corrections department may assess a participant in a pretrial intervention program a fee for "the actual cost" of providing services not to exceed $500 under article 102.012 of the Code of Criminal Procedure. A department may not assess such a participant "a reasonable administrative fee of not less than $25 and not more than $40 per month" under section 76.015(c) of the Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee